# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| GAILIAN RAY WHITLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13CV86 DDN |
| | ) |
| CORIZON, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court on transfer from the United States District Court for the Western District of Missouri [Docs. #8 and #9]. The Court notes that plaintiff, Gailian Ray Whitley (registration no. 72262), has already been granted leave to commence this action without payment of the required filing fee, and he has paid the $1.70 initial partial filing fee.

After carefully reviewing the complaint, and for the reasons stated below, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Moberly Correctional Center ("MCC"), seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Named as defendants are Corizon, Inc. and Dr. Unknown Aguilera. Plaintiff alleges that in approximately June of 2009, he noticed he had lost twenty pounds in about ninety days. He states that he was seen by Dr. Aguilera, who initially gave plaintiff a daily dietary supplement, Ensure. When plaintiff's symptoms continued for "several weeks," Dr. Aguilera increased the supplement to twice daily.

Plaintiff states that Dr. Aguilera "had blood drawn from plaintiff which was submitted for lab work on three separate occasions." According to plaintiff, Dr. Aguilera "didn't find any negative results within the blood lab tests that would or should account for his symptoms." Plaintiff complains that Dr. Aguilera "sought no second opinion of the lab results and refused [his] request to see a specialist." Plaintiff states that he was released from prison on August 27, 2009.

Upon his release, plaintiff saw his "real doctor," who also performed blood testing. The results indicated that plaintiff was suffering from "acute thyroid failure." Plaintiff claims that "defendants acted with deliberate indifference when they negligently misdiagnosed [his] medical condition." More specifically, plaintiff alleges that Dr. Aguilera "neglected to make the diagnosis from the blood lab results, although the lab work was repeated several times," and "defendants' negligence caused [him] irreparable harm."

Last, plaintiff claims that "he was subjected to racial discrimination, as he is a member of the African American community, and all defendants treat members of the African American community differently [from] those of the white community."

## Discussion

### A. Claims against Corizon, Inc.

To state a claim against Corizon, Inc., plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. *See Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Because the instant complaint does not set forth any such allegations, plaintiff has failed to state a claim upon which relief can be granted as to this defendant. Therefore, defendant Corizon, Inc., will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Claims against Dr. Aguilera

Plaintiff brings this action against Dr. Aguilera in his individual and official capacities. Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to Dr. Aguilera in his official capacity.

To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175

(8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In addition, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006).

In the instant action, plaintiff's allegations indicate that he was, in fact, receiving medical treatment prior to his release from prison. Plaintiff states that Dr. Aguilera had blood drawn on three separate occasions, he prescribed an Ensure supplement, and several weeks later, he increased the supplement to twice a day. Plaintiff does not claim that Dr. Aguilera knew of and disregarded his complaints and symptoms relative to plaintiff's thyroid condition, but rather, that Dr. Aguilera was negligent in failing to make a correct diagnosis. Dr. Aguilera's alleged negligence in testing and treating plaintiff's thyroid condition, however, simply does not rise to the level of deliberate indifference.

Moreover, plaintiff's claim that Dr. Aguilera refused plaintiff's request to see a specialist does not rise to the level of a constitutional violation. *See Kayser v.*

*Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested treatment). A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under § 1983. *Warren v. Fanning*, 950 F.2d 1370,1373 (8th Cir. 1990). For these reasons, plaintiff's allegations fail to state a claim of deliberate indifference. Because plaintiff's allegations fail to state a § 1983 claim against Dr. Aguilera in his individual capacity, they also will be dismissed as legally frivolous.

### C. Equal Protection Claims

Plaintiff summarily contends that he was subjected to racial discrimination in violation of his Fourteenth Amendment rights; he does not articulate how defendants violated those rights. The United States Court of Appeals has "regularly decline[d] to consider cursory or summary argument" unsupported by facts or legal authorities, *United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001), and thus, this Court will not consider plaintiff's Fourteenth Amendment claims here. *See also, Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

For these reasons, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of October, 2013.

							_____
							UNITED STATES DISTRICT JUDGE